**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

E. STEPHEN DEAN                                                                         PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:06-cv-68-HTW-LRA

JAMES R. MOZINGO, in His Official
Capacity, as Chairman of the Mississippi
Board of Bar Admissions                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Before the court in the above-styled and numbered cause are several motions: the motion of the defendant James R. Mozingo, in his official capacity as Chairman of the Mississippi Board of Bar Admissions, to dismiss the plaintiff's amended complaint [**Docket No. 29**] based on *Younger* abstention, and the doctrines of *res judicata* and collateral estoppel. The motion to dismiss also asserts that the plaintiff's claim of untimely handling of his case before the Mississippi Board of Bar Admissions is moot. The plaintiff responded to defendant's motion to dismiss with plaintiff's motion to strike [**Docket No. 33**]. Finally, the defendant has moved for summary judgment [**Docket No. 40**], wherein he asserts all the same arguments as are contained in his motion to dismiss. This motion for summary judgment also challenges whether the plaintiff has standing to raise a First Amendment claim, or to raise a facial challenge to the Mississippi Board of Bar Admissions' ruling on the plaintiff's application for admission to Mississippi Bar.

This case concerns the application of the plaintiff Earl Stephen Dean for admission to the Mississippi Bar and its denial by the Mississippi Board of Bar Admissions on the recommendation of the Committee on Character and Fitness. This denial was affirmed by the Chancery Court for the First Judicial District of Hinds County, Mississippi, on August 23, 2006. The plaintiff did not appeal that finding; nevertheless, even before the Mississippi Board of Bar Admissions reached its decision and that decision was affirmed, the plaintiff had come to this court on October 13, 2005, filing this case, and seeking injunctive and declaratory relief for alleged violation of the plaintiff's rights under the First and Fourteenth Amendments to the Constitution of the United States.[1]

The defendant has filed a motion to dismiss which argues several grounds. First, says the defendant, controversies involving admission to the Bar for the practice of law are virtually always a matter over which the state courts take jurisdiction; next, that *Younger* abstention applies to this case; and thirdly, that claim preclusion, based on the doctrines of *res judicata* and collateral estoppel, applies here.

---

[1] The First Amendment to the Constitution of the United States provides that, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

The Fourteenth Amendment to the Constitution of the United States provides at Section 1 that, "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

This court has reviewed all the submissions offered by the parties, listened to their arguments, and is persuaded to dismiss this case for the reasons which follow.

## I. THE MISSISSIPPI BOARD OF BAR ADMISSIONS

The Mississippi Board of Bar Admissions is composed of nine individuals appointed by the Mississippi Supreme Court pursuant to Mississippi Code Annotated § 73-3-2 (3) (1972).[2] The Mississippi Board promulgates its rules, subject to the approval of the Chief Justice of the Mississippi Supreme Court, specifically referred to as the Rules Governing Admission to the Mississippi Bar. Rule VIII of these rules, at Section 12, provides that the "Board and Committee members, Special Counsel, and employees and agents of the Board and Committee shall be immune from civil suit from any conduct arising out of the performance of their official duties." Thus, the members of the Mississippi Board are immune from lawsuit for their official acts. Official acts of the Mississippi Board include the duty of determining the "applicants who are qualified for admission to the Bar." Bar Rule II, Section 3(F). As part of this process, the Mississippi Supreme Court has charged the Mississippi Board "[t]o conduct, directly or through the Committee on Character and Fitness, such

---

[2]MCA § 73-3-2 (3) provides that, "[t]here is hereby created a board to be known as the "Board of Bar Admissions" which shall be appointed by the Supreme Court of Mississippi. The board shall consist of nine (9) members, who shall be members in good standing of The Mississippi Bar and shall serve for terms of three (3) years. Three (3) members shall be appointed from each Supreme Court district, one (1) by each Supreme Court Justice from his district, with the original appointments to be as follows: three (3) to be appointed for a term of one (1) year, three (3) to be appointed for a term of two (2) years, and three (3) to be appointed for a term of three (3) years, one (1) from each district to be appointed each year. No member of the Board of Bar Admissions may be a member of the Legislature. Vacancies during a term shall be filled by the appointing justice or his successor for the remainder of the unexpired term."

investigation of each applicant as shall be necessary to determine his character and fitness to practice law and his compliance with the Rules." Bar Rule II, Section 3(E).

## II. **PERTINENT FACTS**

The Committee on Character and Fitness considered the plaintiff's application for admission to the Mississippi Bar as an attorney for the practice of law at a formal hearing on August 23, 2002. The Committee recommended that the application be denied. The Mississippi Board accepted this recommendation and denied the plaintiff's application. The plaintiff moved for reconsideration and was permitted to appear for a hearing before the Mississippi Board to present argument supporting his admission. The Mississippi Board undertook reconsideration of the plaintiff's petition; however, before a decision on the plaintiff's petition was reached, the plaintiff filed a petition for a writ of mandamus with the Mississippi Supreme Court. According to the defendants, the plaintiff's petition for mandamus caused the Mississippi Board to stay its action pending resolution of the mandamus petition. After the Mississippi Supreme Court denied the plaintiff's request for mandamus, the Mississippi Board granted reconsideration and remanded the matter to the Committee on Character and Fitness.

The Committee on Character and Fitness conducted a formal hearing, permitting the plaintiff the opportunity to present testimony and evidence, then concluded that the plaintiff had failed to establish that he possessed the requisite character and qualifications for admission to the Mississippi Bar for the practice of law. Using the standards set forth in Bar Rule VIII, Section 6, the Committee on Character and Fitness found that the plaintiff had been dishonest and irresponsible in business and professional matters, had engaged in the unauthorized practice of law, had

4

violated reasonable rules of conduct, had failed to exercise substantial self-control, and was emotionally unstable to the extent not fit for the practice of law.[3]

The Mississippi Board accepted the Committee's recommendation and denied the plaintiff's application to practice law in Mississippi on September 22, 2005. The plaintiff appealed this determination to the Chancery Court for the First Judicial District of Hinds County, Mississippi. After conducting a hearing on the matter on July 13, 2006, and considering the arguments presented by the parties, the Chancery Court entered its Order and Opinion on August 23, 2006, affirming the Mississippi Board's determination.

The plaintiff proceeded to file the instant case asserting violation of his constitutional rights under the First and Fourteenth Amendments while this matter still was pending before the Committee on Character and Fitness, and, *per force*, before the Mississippi Board entered its final decision. The plaintiff's complaint seeks

---

[3]The Standards set forth in Bar Rule VIII are as follows:

The Committee shall recommend that the applicant not be admitted to practice law in Mississippi if, in the judgment of the Committee, the applicant has exhibited conduct substantially evidencing an inclination:

A. To be dishonest;
B. To take unfair advantage of others;
C. To be disloyal to those to whom loyalty is legally owed;
D. To be irresponsible in business or professional matters;
E. To support or advocate the overthrow of the government of the United States by force;
F. To unlawfully engage in the practice of law while not being so licensed;
G. To violate reasonable rules of conduct governing any activity in which applicant has been engaged;
H. To fail to exercise substantial self-control, including excessive and continuing violation of traffic rules, the improper use of drugs, and the excessive use of alcohol;
I. To be mentally or emotionally unstable to the extent that applicant is not suited for the practice of law.

declaratory and injunctive relief, and asks this federal court to direct the Mississippi Board to make its ruling within thirty days. The Mississippi Board entered its decision on September 22, 2005, and the plaintiff proceeded to the Chancery Court of Hinds County on October 24, 2005, so, the matter of the Mississippi Board's determination is now moot.

In his appeal to the Hinds County Chancery Court, the plaintiff contends that his constitutional rights under the First and Fourteenth Amendments to the Constitution of the United States were violated when his application to practice law in Mississippi was denied. The Hinds County Chancery Court, the Honorable Denise Owens presiding, rejected the plaintiff's constitutional arguments and affirmed the Mississippi Board of Bar Admissions' denial of the plaintiff's application.

### III.  THE CHANCERY COURT'S FINDINGS

The Chancery Court of Hinds County considered four contentions offered by the plaintiff: (1), that the Committee on Character and Fitness violated the plaintiff's due process rights by denying him the opportunity to cross-examine witnesses; (2), the Committee on Character and Fitness violated the plaintiff's First Amendment right to file lawsuits when it considered and determined that the plaintiff had engaged in the unauthorized practice of law; (3), that the Committee violated its own rules by considering conduct too remote in time; and (4), that the Committee's determination finding the plaintiff emotionally unstable was not corroborated by medical evidence.

The Chancellor found, among other things, that the plaintiff had been given written notice of who the witnesses against him would be and that plaintiff had not sought to cross-examine them at his hearing. Moreover, the Chancellor found that the

plaintiff had offered no objections to the evidence considered by the Committee. Thus, the Chancellor concluded that the plaintiff had suffered no violation of his right to due process.

Next, the Chancellor reviewed the Committee's consideration of the plaintiff's conduct of certain litigation, namely, plaintiff's suing a circuit judge and a prosecutor in a matter determined against the plaintiff, only to have the matter dismissed on grounds of immunity; the plaintiff's conduct relating to his alleged deceptive practices while directing a charity, particularly where the plaintiff brought a lawsuit against two Assistant Attorneys General based on their official actions; the findings of the United States Court of Appeals for the Sixth and Eighth Circuits that the plaintiff's arguments and pleadings were frivolous, improbable, and submitted with no meaningful authority. The Chancellor concluded that these facts supported the Committee's conclusions, and that the plaintiff's First Amendment rights had not been violated by the Committee's consideration of the plaintiff's previous conduct such as unauthorized practice, frivolous legal arguments and retaliatory conduct, all matters which bear upon an individual's character and fitness to practice law.

Regarding the matter of the Committee's consideration of misconduct alleged to be too remote in time, the Chancellor referred to Bar Rule VIII, § 6,[4] which provides

---

[4] Bar Rule VIII, § 6, provides in relevant part that, "[t]he following conduct, while not proper, will not **in and of itself** be considered as indicating a lack of moral or ethical qualification:

1. Traffic violations unless involving substantial disregard of the rights of others or evidencing substantial or continuing lack of self-discipline;
2. Conduct involving domestic relations unless under circumstances indicating violation of criminal law or disregard of moral obligations under circumstances where no reasonable provocation exists;

that conduct remote in time cannot be the sole foundation for a recommendation against admission to practice law. The Chancellor then rejected the plaintiff's contention that Bar Rule VIII had been violated by the Committee.

Finally, the Chancellor found no basis for the plaintiff's objection that the Committee had not relied on medical evidence when it determined the plaintiff to be emotionally unstable to the extent that the plaintiff was not suited for the practice of law. As noted by the Chancellor, "the Committee's conclusion need not be based on a medical diagnosis but a rational observation made by practicing attorneys." Rule VII, §6, states that an "applicant will not be admitted to practice in Mississippi if, *in the judgment of the Committee,* the applicant has exhibited conduct substantially evidencing an inclination: [t]o be mentally or emotionally unstable ... ."

The Rule simply makes no provision for the requirement of medical evidence. The Chancellor noted that the Committee took into consideration letters to the Dean of the plaintiff's law school and to the Mississippi Supreme Court which exhibited intemperate language, threats made by the plaintiff to his former employer, and a phone call to his former employer during the Committee's proceedings after the plaintiff learned that his employer would be a witness against his attempt to practice law in Mississippi. Reportedly, the plaintiff pretended to be a reporter considering an editorial to be published about the plaintiff's employer.

---

3. Conduct in the nature of horseplay;
4. **Misconduct remote in time unless felonious in nature or recently repeated in similar acts.** (Emphasis added).

The Chancellor, relying on Bar Rule VII, § 7, concluded that the burden was on the plaintiff to establish to the reasonable satisfaction of a majority of the Committee that he possessed such character and qualifications as to justify his admission to the Mississippi Bar and qualify him to perform the duties of an attorney and counselor at law.  The Chancellor found substantial evidence supported the Committee's conclusion that the plaintiff lacked the requisite character to justify admission and denied the plaintiff's appeal.

### IV.  **THE PLAINTIFF'S CLAIMS BEFORE THIS COURT**

Before this court the plaintiff asserts that this court should interfere on his behalf with the decision-making process of the Mississippi Board of Bar Admissions, and its Committee on Character and Fitness because the plaintiff was denied due process in the proceedings which culminated in the denial of his application to practice law in Mississippi.  The plaintiff asserts that the Mississippi Board of Bar Admissions requests applicants to disclose protected First Amendment activities, a requirement which the plaintiff deems to be improper.  Next, the plaintiff contends that Mississippi's Rules governing Bar admissions have created in the plaintiff a property right in favor of his application.  Next, the plaintiff says his right to file lawsuits is a First Amendment right which has been violated due to the requirement that applicants for admission explain and defend any litigation in which they have been involved.  The plaintiff asserts that such requirements have a chilling effect on the filing of lawsuits. The plaintiff also asserts a violation of his Fourteenth Amendment right to due process because the Mississippi Board may inquire about any litigation in which an applicant has been involved, or any other speech-related conduct.  Finally, the plaintiff

9

complains that the Committee on Character and Fitness does not place time limits on itself; makes decisions without respect for First Amendment activities protected by law; makes character decisions based on content of one's speech; has instituted a process which lacks uniformity and is void for vagueness.

For relief, the plaintiff asks this court to issue a declaratory judgment stating that the lack of self-imposed time limits on the proceedings and decision-making of the Mississippi Board of Bar Admissions constitutes a denial of due process in violation of the Fourteenth Amendment. The plaintiff also asks this court to enjoin the Mississippi Board of Bar Admissions from using protected First Amendment activities as one of the basis of assessment for fitness to practice law. This court also is asked to require that any such consideration of speech activity be found to be unprotected before it can be considered. Finally, the plaintiff asks this court to declare (unbridled) discretion in the Mississippi Board of Bar Admissions to be unconstitutional.

The plaintiff says that he intends to continue to engage in protected First Amendment activities and that he plans to reapply for admission to the Mississippi Bar. Thus, says plaintiff, this court need not abstain because the appeal process from a final decision of the Mississippi Board through the Chancery Court and to the Mississippi Supreme Court is merely a remedial appellate process, and not a coercive, process."

## V.  APPLICABLE LAW AND ANALYSIS

### A.  The Matter of Subject- Matter Jurisdiction

In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-87, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the United States Supreme Court held that a

federal district court lacks subject-matter jurisdiction to review a state court's allegedly unconstitutional denial of admission to the bar, based upon Title 28 U.S.C. § 1257, which provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the (United States) Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States. As can be readily ascertained, Title 28 U.S.C. § 1257 makes no provision for federal district courts and courts of appeal to review state-court decisions.

The United States Court of Appeals for the Fifth Circuit applied *Feldman* in a constitutional challenge involving admission to the Mississippi Bar in *Nordgren v. Hafter*, 789 F.2d 334, 336-37 (5th Cir.), *cert. denied*, 479 U.S. 850, 107 S.Ct. 177, 93 L.Ed.2d 113 (1986), holding that the Mississippi Board of Bar Admissions was an arm of the Mississippi Supreme Court, that its actions in applying its bar admissions criteria were judicial in nature, and that the plaintiff's request for review of the Board's actions on her application for admission to the Bar was beyond the subject-matter jurisdiction of the district court. Moreover, the district court also lacks subject-matter "jurisdiction to review constitutional claims that 'are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the

state bar.' " *Thomas v. Kadish*, 748 F.2d 277 (5th Cir. 1984), *cert. denied*, --- U.S. ----, 105 S.Ct. 3531, 77 L.Ed.2d 655 (1985).

The United States Supreme Court has recognized a distinction between one's challenge to a judicial proceeding and one's general challenge to the legality of a particular rule. In *Feldman*, the Supreme Court noted that state supreme courts sometimes act in a non-judicial capacity in promulgating rules regulating the Bar. *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 731, 100 S.Ct. 1967, 1974, 64 L.Ed.2d 641 (1980) (same). So, challenges to the constitutionality of state bar rules which do not require a United States court to review a final state court judgment may be reviewed by a federal district court in order to assess the validity of a promulgated rule in a non-judicial setting. Where this is the case, a district court is not reviewing a state court judicial decision and Title 28 U.S.C. § 1257 does not act as a limitation to a district court's consideration of the case because the proceedings giving rise to the rule are non-judicial. Thus, United States District Courts do have subject-matter jurisdiction over general challenges to state bar rules, promulgated by state courts in non-judicial proceedings, which do not require review of a final state court judgment in a particular case; however, they do not have subject-matter jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be engaged in only by the United States Supreme Court pursuant to certiorari after one has presented the dispute to the highest court of the State and the State court has rendered a final judgment. *Feldman*, 460 U.S. at 467-68; Title 28 U.S.C. § 1257.

In the instant case, the plaintiff has couched some of his assertions in apparently general terms, such as the assertion that the Mississippi Board of Bar Admissions ignores the First Amendment when it investigates and considers speech-related activity without determining whether such activity is protected. Nevertheless, his claims are inextricably intertwined with the denial of his application to practice law by the Mississippi Board of Bar Admissions and the Hinds County Chancery Court's opinion affirming the Mississippi Board's findings. *Feldman*, 460 U.S. at 482-83 n. 16. The plaintiff's claims focus on the Mississippi Board's application of its Rules to him and his submissions to practice, not upon the promulgation of a particular rule and its propriety. *See Lindsay v. Mozingo*, 24 F.3d 237 (5th Cir.) (a one-page opinion), *cert. denied*, 513 U.S. 906, 115 S.Ct. 272, 130 L.Ed.2d 189 (1994).

Therefore, based on the foregoing authority, this court concludes, *sua sponte*, that it lacks subject-matter jurisdiction over this dispute, and shall dismiss this case accordingly so that the plaintiff may proceed with his state court appeals already in progress.

Even though this court has determined that it has no subject-matter jurisdiction over this dispute, this court nevertheless will address defendant's arguments for dismissal raised in defendant's motion to dismiss and motion for summary judgment.

### B. The Dispositive Standards

### 1. Motion to Dismiss

Motions brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ordinarily are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d

991, 993 (5th Cir. 1981). A court considering a motion to dismiss must not look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229, 120 S.Ct. 2659, 147 L.Ed.2d 274 (2000). Whether a plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations in order to overcome a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). This court must accept the well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. Moreover, this court will not dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

## 2.  Motion for Summary Judgment

Federal Rule of Civil Procedure 56(c) provides for summary judgment if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 263, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is genuine "if the evidence is such that a reasonable [trier of fact]

could return a verdict for the non-moving party." *Id.* at 261.  The Court reviews the record by drawing all inferences most favorable to the party opposing the motion. *Matsushita Electric Industries Company v. Zenith Radio Corporation*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538.  Once a moving party has met its burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." *See* Rule 56(e) of the Federal Rules of Civil Procedure.   Assuming no genuine issue exists as to the material facts, this court then will decide whether the moving party shall prevail solely as a matter of law.  *Id.* The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Defendant, in both his motion to dismiss and motion for summary judgment, contends that plaintiff's complaint should be dismissed under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and pursuant to claim and issue preclusion.  This court, however, will review these contentions under the summary judgment standard.

### C.  The Matter of *Younger* Abstention

The defendant calls for the application of abstention in this case, due to ongoing state court proceedings.  In *Middlesex County Ethics Committee v. Garden State Bar Assn.*, 457 U.S. 423, 435, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982), the

United States Supreme Court observed that, "[t]he importance of the state interest in the pending state judicial proceedings (and in the federal case) calls *Younger* abstention into play. *Younger* and its progeny establish a strong policy against federal court interference with certain pending state proceedings absent extraordinary circumstances. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 595-602, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *see also Bishop v. State Bar of Texas*, 736 F.2d 292, 293 (5th Cir. 1984) (citing *Huffman* and *Younger*).

In the instant case, the defendant argues that any declaratory and/or injunctive relief this court might contemplate would interfere with ongoing state court proceedings which themselves provide a forum where the plaintiff may assert his federal constitutional rights and which implicate an important state interest, namely the power to regulate who may be admitted to practice law before the Mississippi Bar. The defendant notes that the plaintiff asserted his federal constitutional claims before the Chancery Court for the First Judicial District of Hinds County, Mississippi, and that the plaintiff will have the additional opportunity to assert his federal constitutional claims on appeal to the Mississippi Supreme Court. This is a formidable argument. *Younger* abstention most certainly applies.

### D. The Matters of Claim and Issue Preclusion

The defendant also has raised claim and issue preclusion under the doctrines of *res judicata* and collateral estoppel as barring proceedings in this court based on the findings and conclusions of the judicial proceedings in state court.

16

*Res judicata* means "a thing decided." The doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Cromwell v. County of Sac, Iowa*, 94 U.S. 351, 352, 24 L.Ed. 195 (1876); *Kaspar Wire Works, Inc. v. Leco Engineering & Machinery, Inc.*, 575 F.2d 530, 535 (5th Cir. 1978).

*Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts or proceeding under a different legal theory; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R.J. Longo Construction Company*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were or could have been raised in prior actions).

Pursuant to jurisprudence established by the United States Court of Appeals for the Fifth Circuit, *res judicata* applies: (1) if the parties are the same in both actions; (2) if the prior judgment is rendered by a court of competent jurisdiction; (3) if the prior judgment was final on the merits; and (4) if the cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994).

Collateral estoppel, or issue preclusion, precludes relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

The defendant's arguments in support of claim and issue preclusion in this case are compelling. Accordingly, this court enters a ruling on these matters of claim and issue preclusion in favor of defendant.

## VI. **CONCLUSION**

Federal courts are obliged to examine the basis for the exercise of federal subject-matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A federal district court may examine its subject-matter jurisdiction over a matter, *sua sponte*, at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999) (a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (3d ed. 2007). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (emphasis added).

Obedient to this mandate to ascertain whether the court has subject-matter jurisdiction, this court, *sua sponte*, examined these pleadings and determined that it does not have subject-matter jurisdiction and must dismiss this lawsuit.

The court, nevertheless, also considered the points raised by defendant's motions to dismiss and for summary judgment, and found them persuasive.

Accordingly, this court dismisses plaintiff's lawsuit on the additional grounds that *Younger* abstention applies and because the claims raised herein fall prey to the doctrines of *res judicata* and collateral estoppel. This case is dismissed in its entirety and all other pending motions are rendered moot.

**SO ORDERED** this the 26th day of September, 2007.

        **s/ HENRY T. WINGATE**
        **CHIEF UNITED STATES DISTRICT JUDGE**


CIVIL ACTION NO. 3:06-cv-68-HTW-LRA
Memorandum Opinion and Order