IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


E. STEPHEN DEAN                                                                                          PLAINTIFF

V.                                                                      CIVIL ACTION NO. 3:06-cv-68 HTW-LRA

JAMES R. MOZINGO, in His Official
Capacity, as Chairman of the Mississippi
Board of Bar Admissions                                                                             DEFENDANT


**MEMORANDUM OPINION AND ORDER**

This case arises out of the denial of plaintiff Earl Stephen Dean's application to be admitted to the Mississippi Bar. Dean seeks prospective equitable relief from this court under Title 42 U.S.C. § 1983,[1] alleging that the rules, policies and practices of the Mississippi Board of Bar Admissions concerning applicants to practice law violate the First and Fourteenth Amendments of the United States Constitution.[2]

---

[1]Section 1983 states in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

[2]The First Amendment of the United State Constitution reads:

Congress shall make no law respecting an establishment of religion, or

Before the court is defendant James R. Mozingo's motion to dismiss, brought pursuant to Federal Rule of Civil Procedure Rule 12(b)[3] [docket no. 59], or in the alternative, for summary judgment under Federal Rule of Civil Procedure 56[4] [docket no. 61]. This court grants Mozingo's motion for the reasons herein.

## I. Background

**A. State Procedural History**

On March 21, 2002, Dean filed his application for admission to the Mississippi

---

prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

Section 1 of the Fourteenth Amendment states:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

[3]Rule 12(b) provides in pertinent part:

. . . a party may assert the following defenses by motion:
  (1) lack of subject-matter jurisdiction;
  (2) lack of personal jurisdiction;
  (3) improper venue;
  (4) insufficient process;
  (5) insufficient service of process;
  (6) failure to state a claim upon which relief can be granted; and
  (7) failure to join a party under Rule 19.

[4]Rule 56(a) states:

A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Bar with the Mississippi Board of Bar Admissions ("the Board"). In August 2002, the Character and Fitness Committee ("the Committee") held a hearing and rendered a decision determining that Dean did not meet the requirements for character and fitness. In September 2002, the Board upheld the Committee's decision to deny Dean's request for character and fitness approval.

Later in that same month Dean filed a request to appear before the Board in an appeals hearing. In response to Dean's request, the Committee held a hearing in April 2003. In July 2004, the Board remanded the case to the Committee for further investigation. In August 2005, the Committee conducted a second hearing, received testimony from Dean, and again denied Dean's application. In September 2005, the Board issued its second and final denial, adopting the Committee's second recommendation that Dean's application be denied.

On October 24, 2005, Dean appealed the Board's decision to the Hinds County Chancery Court [Dean's Chancery Court Appeal Brief, docket no.s 60-2 and 60-3]. Dean argued, inter alia, that the Board had violated his right to free speech under the First Amendment and had chilled the exercise of his free speech rights in that it rejected his application based on the fact that he had filed several lawsuits the Board considered frivolous. Dean also contended that the Board violated his right to due process under the Fourteenth Amendment, in part, due to the delay in issuing a decision regarding his application.  Dean asked the court to reverse the Board's decision and grant his application to practice law, i.e., allow him to sit for the Bar Exam. The chancery court considered Dean's constitutional arguments de novo and found no violation of the First Amendment or the Fourteenth Amendment [Order, docket no. 60-8]. The chancery

court affirmed the Board's denial of Dean's application on August 23, 2006.

On September 18, 2006, Dean appealed the chancery court's decision to the Mississippi Supreme Court, asserting that the Board's decision was not based on sufficient evidence and that the decision violated and chilled his constitutional right of free speech and violated his right to due process [Dean's Supreme Court Appeal Brief, docket no.s 60-5 and 60-6]. Dean asked the Court to grant his application to sit for the bar examination. The Court found that Dean had failed to establish that either his right to free speech or his right to due process had been violated and affirmed the chancery court's decision on January 17, 2008, *Dean v. Miss. Bd. of Bar Admissions (In re Dean)*, 972 So. 2d 590, 597-99 (Miss. 2008).

**B. Federal Procedural History**

On March 17, 2005, Dean filed a complaint in the United States District Court for the Northern District of Mississippi against James R. Mozingo, in his official capacity as Chairman of the Mississippi Board of Bar Admissions [Civil Action No. 2:05-cv-docket no. 1]. He alleged, pursuant to § 1983, that the licensing procedures of the Board violate the First and Fourteenth Amendments of the Constitution. He alleged, prior to the Board's second and final decision concerning his application, that his application "[had] been pending for three years with no end in sight," and the absence of time limits on administrative decision-making violated his due process rights. He further alleged that the Board's scrutiny of his protected activities, namely, filing litigation, as grounds for denying his application created a chilling effect on his First Amendment right to free speech. Dean sought prospective declaratory and injunctive relief.

Mozingo filed a motion to dismiss based on improper venue [docket no. 6]. On October 13, 2005, the court entered an order denying the motion to dismiss and transferring the case to this court [docket no. 15].[5]

On that same day, October 13, 2005, Dean filed in this court the same complaint that he had filed in the Northern District on March 17, 2005 [docket no. 2]. Dean amended his complaint on August 11, 2006, continuing to allege First and Fourteenth Amendment violations pursuant to § 1983 and to seek prospective declaratory and injunctive relief [docket no. 24]. Since a decision had been issued concerning his application, rather than referring to his pending application as grounds for relief, he complained about the unconstitutional delay of the Board in rendering a final decision.

On October 12, 2006, Mozingo filed a motion for summary judgment, arguing numerous grounds, one being that Dean's claims are barred by res judicata and collateral estoppel [docket no. 40]. This court granted Mozingo's motion for summary judgment on September 26, 2007 [docket no. 48]. Dean appealed [docket no. 50]. The United States Court of Appeals for the Fifth Circuit remanded the cause to this court, in part, for consideration of res judicata and collateral estoppel in light of *In Re Dean*, 972 So. 2d 590, which was rendered subsequent to Dean having filed for appeal [docket no. 52]. *Dean v. Miss. Bd. of Bar Admissions*, 326 Fed. Appx. 760 (5th Cir. 2009).

At Dean's request after the remand of the present matter, this court has allowed Dean to file a second amended complaint [docket no. 55] in light of a development in

---

[5]The case was initially improperly transferred to the Hattiesburg Division, and subsequently, on January 27, 2006, the matter was transferred to the Jackson Division [docket no. 10].

the case since he filed his first amended complaint, namely the issuance of *In Re Dean*, 972 So. 2d 590. As in the first amended complaint, Dean brings suit under § 1983, alleging that the Board's policies violate the First and Fourteenth Amendments, and emphasizes that his complaint "constitutes a general challenge to the policies and practices of the [Board]," ¶ 39, and that "[he] exclusively seeks prospective relief in order to ensure that his next application to practice law does not get denied for unconstitutional reasons," ¶ 38.

This court instructed the parties, in accordance with the mandate from the Fifth Circuit, to file motions addressing the issues of res judicata and collateral estoppel in light of *In Re Dean* [Minute Entry, September 18, 2009]. Mozingo promptly filed the motion to dismiss, or in the alternative, for summary judgment [docket no.s 59 and 61] that is presently before the court. Dean responded.[6]

## II. Discussion

**A. Jurisdiction**

Dean alleges that state policies concerning state Bar admission violate the United States Constitution and brings suit under § 1983. This court has jurisdiction of the present matter under Title 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This court also has jurisdiction under Title 28 U.S.C. Section 1343(a)(3), which states that "district courts shall have original jurisdiction of

---

[6]On July 16, 2010, after Mozingo filed the motion before the court and the parties completed briefing, this court granted the Mississippi Attorney General's request to substitute Pieter Teeuwissen as the defendant for Mozingo since Tieeuwissen had replaced Mozingo as Chairman of the Board.

any civil action authorized by law to be commenced by any person to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

**B. Analysis**

    **1. Standard**

Mozingo argues that Dean's complaint should be dismissed under Rule 12 on the grounds of res judicata and collateral estoppel and for failure to state a claim. "A plaintiff fails to state a claim when the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Del-Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 728-29 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). This court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club*, 599 F.3d 458, 461 (5th Cir. 2010).

In the alternative, Mozingo contends that this court should grant summary judgment under Rule 56. Rule 56 requires that this court grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F.R.C.P 56(a). Rule 56(c) further instructs that:

> (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>    (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

>declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>    (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

F.R.C.P. 56(c).

**2. Res Judicata**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) on the grounds of res judicata may be appropriate when the elements of res judicata are apparent on the face of the pleadings. *Dean*, 394 Fed. Appx. at 175 (5th Cir. 2010) (citing *Kan. Reinsurance Co. v. Mktg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)). A federal court asked to give res judicata effect to a state court judgment must apply the res judicata principles of the law of the state whose decision is alleged to bar further litigation. *Dean*, 394 Fed. Appx. at 175 (citing *Shimon v. Sewerage & Water Bd. of New Orleans*, 565 F.3d 195, 199 (5th Cir. 2009)). Mississippi res judicata doctrine provides that "when a court of competent jurisdiction enters a final judgment on the merits of an action, the parties or their privies are precluded from re-litigating claims that were decided or could have been raised in that action." *Dean*, 394 Fed. Appx. at 175-76 (quoting *Miss. Dep't of Human Serv. v. Shelby*, 802 So. 2d 89, 95 (Miss. 2001)). The doctrine applies only when there has been a final judgment on the merits, and the following identities are present between the earlier and current proceedings: "(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made." *Dean*, 394 Fed. Appx. at 176 (quoting *Harrison v. Chandler-Sampson Ins., Inc.*,

891 So.2d 224, 232 (Miss. 2005)). Absence of any one of the elements is fatal to the defense of res judicata. *Harrison*, 891 So. 2d at 232.

The Mississippi Supreme Court rendered a final judgment on the merits of Dean's claims in *In Re Dean*, 972 So. 2d 590 (Miss. 2008). This court will proceed to determine whether the four identities are present between *In Re Dean* and the present matter.

### a. Identity of the Subject Matter of the Action

This element looks to whether the same subject matter is involved in the state action and the present action. *Harrison, Inc.*, 891 So. 2d at 232-33. The subject matter of the present action and the subject matter of the state action are the same – whether the Board's decision-making process concerning admission of applicants to the Mississippi Bar violates Dean's rights of free speech under the First Amendment and due process under the Fourteenth Amendment. *See In Re Dean*, 972 So. 2d at 593. The first element is met.

### b. Identity of the Cause of Action

In order to determine whether this element is satisfied, this court will employ the transactional approach. Under this approach, "causes of action are the same if they arise from the same transaction." *Harrison*, 891 So. 2d at 234. Identity of the causes of action exists "when the underlying facts and circumstances are the same in the second suit as those involved in the first suit" and when "the primary right and duty asserted and the primary wrong complained of [are] the same in each action." *Id.* at 234-35 (citations omitted). In other words, if a ground could have been asserted, or relief

9

requested, in the previous lawsuit, it should have been asserted; otherwise, it is subject to the bar of res judicata. *Id.* at 235.

Dean responds that he could not have possibly litigated his prospective claims in the state court action due to the limited judicial review of the Board's decision allowed by the state courts. Dean cites *Mississippi Bd. of Bar Admissions v. Applicant F*, 582 So. 2d 377, 379 (Miss. 1991), which states that "[i]n the context of the regulatory boards and admitting authorities with respect to other professions, relief on judicial review is limited to those instances where the authorities have acted arbitrarily and capriciously." The court goes on, however, to distinguish "the case of lawyers" and contrasts that the court exercises its constitutional powers through a regimen of de novo review. *Id.*

The Fifth Circuit, in a recent decision concerning *In Re Dean*, although not an appeal from the case sub judice, explained that the ability of Mississippi courts to review decisions of the Board de novo allows the courts to consider allegations beyond the merits of a party's qualification for admission, including claims related to admission arising under federal law. Civil Action No. 2:06-cv-46, docket no. 71; *Dean v. Miss. Bd. of Bar Admissions*, 394 Fed. Appx. 172 (5th Cir. 2010) (citing *Watkins v. Mississippi Bd. of Bar Admissions*, 659 So. 2d 561, 567-68 (Miss. 1995) (the Court considered Fourteenth Amendment equal protection claims on appeal from denial of admission to the Mississippi Bar by the Mississippi Board of Bar Admissions, noting that under its constitutional domain over bar admission it could consider allegations beyond the merits of the applicants' examinations)). The Fifth Circuit noted that, in fact, Dean did raise federal claims before the state court, which the court adjudicated. *Id.* at 176 (citing

*In Re Dean*, 972 So. 2d at 597-98). The Fifth Circuit specifically rejected Dean's argument concerning identity of the cause of action that the state proceedings did not provide a forum in which to litigate his federal law claims. *Id.*

The underlying facts and circumstances – the processing of Dean's bar application – are the same in this action and the state action. The primary rights – of free speech under the First Amendment and due process under the Fourteenth Amendment – are the same in both actions. The primary wrong complained of – the allegedly unconstitutional application of the Board's policies and the chilling effect thereof – are the same in both the state and the present action. Dean's claims here result from the same transaction. The second element is met.

### c. Identity of the Parties to the Cause of Action

In the present case the identical parties are involved. Dean named the Board in the state suit and Mozingo, the Chairman of the Board, in this suit. To satisfy this element, strict identity of the parties is not necessary. *Harrison*, 891 So. 2d at 236. A non-party defendant can assert res judicata so long as the non-party defendant is in "privity" with a named defendant. *Harrison*, 891 So. 2d at 236-37 (citing *Nevada v. United States*, 463 U.S. 110, 135, 103 S. Ct. 2906, 77 L. Ed. 2d 509 (1983) ("the general rule is that a prior judgment will bar the 'parties' to the earlier lawsuit, 'and those in privity with them,' from relitigating the cause of action"). Dean alleges that he is entitled to relief due to the same actions alleged in both suits. Dean alleges these actions were committed by the Board, which includes Mozingo as the Chairman. Mozingo is part of, and in privity with, the Board. The third element is met.

### d. Identity of the Quality or Character of the Person Against Whom the Claim Is Made

Although the actual person assuming the role of Chairman of the Board has changed, the character of the Board and the position of Chairman of the Board have remained intact. This final element is also met.

Having considered all the elements of res judicata, this court finds that res judicata bars Dean's claims in the present matter.

### 3. Collateral Estoppel

Mozingo contends that Dean's claims are also barred under the doctrine of collateral estoppel. Collateral estoppel is applicable, and the parties to an action will be precluded from relitigating a specific issue, when: (1) the issue was litigated in the former action; (2) the issue was determined by the former action; and (3) the issue is essential to the judgment in the former action." *Schuster v. Martin*, 861 F.2d 1369, 1371-72 (5th Cir. 1988) (applying Mississippi case law).

### a. The Issue Was Litigated in the Former Action

Dean's briefs to both the Hinds County Chancery Court and the Mississippi Supreme Court allege that the Board's policies in determining bar admission violate his right to free speech under the First Amendment and the right to due process under the Fourteenth Amendment. This identical theory was the grounds for relief in both the state action and the present action. The fact that Dean now seeks prospective relief is immaterial. Applying Mississippi law on collateral estoppel, the Fifth Circuit replied to the argument that because the relief sought was different, the issue litigated was different. *Schuster*, 861 F.2d at 1372. The Fifth Circuit held that even when damage

issues were not and could not be litigated in the prior case, they cannot serve as an independent basis for a new lawsuit if the underlying theory of recovery, i.e., that due process was violated, is precluded from relitigation. *Id.* This court has already determined that the issues of free speech and due process related to the denial of Dean's application for admission to the Bar are precluded from relitigation.

Dean asserts that the issue in the present matter was not litigated in the state action because the facts and legal standard used in this case are different than the Board's or the chancery court's. Dean cites *Recoveredge, L.P. v. Pentecost*, 44 F.3d 1284, 1291 (5th Cir. 1995) (finding the issues identical for collateral estoppel purposes but stating that "issues are not identical if the second action involves application of a different legal standard, even though the factual setting of both suits be (sic) the same") and *Brister v. A.W.I., Inc.*, 946 F.2d 350, 354 n.1 (5th Cir. 1991) (applying the premise that "[n]ot only the facts, but also the legal standard used to assess them, must be identical," the court found that the standards of knowledge in a prior suit and the limitation proceeding differed). Dean has provided no case law applicable to this case to suggest that this court should not find the legal issues of First and Fourteenth Amendment rights in the state matter and the present matter identical. This element is satisfied.

**b. The Issue Was Determined by the Former Action**

Both the Hinds County Chancery Court and the Mississippi Supreme Court expressly ruled on Dean's First Amendment and Fourteenth Amendment claims in relation to his bar admission denial. The specific issue before this court was determined

in the state action. This element, too, is satisfied.

### c. The Issue is Essential to the Judgment in the Former Action

Dean, without elaboration or authority, argues that the claims in the present suit were not essential to the decision of the Board or the chancery court. The constitutional issues raised in the present matter were expressly raised by Dean in both appeals, explicitly addressed by the chancery court, and specifically addressed by the Mississippi Supreme Court. Accordingly, those issues were essential to the judgments in the state actions.

### III. Conclusion

Plaintiff's claims have previously been decided and, thus, are barred under the doctrines of res judicata and collateral estoppel from review by this court. Therefore, this court grants the defendant's motion to dismiss, or in the alternative, for summary judgment [docket no.s 59 and 61]. This action is dismissed.

**SO ORDERED, this the 25th day of August, 2011.**

                                      **s/ HENRY T. WINGATE**
                                      **UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:06cv68 HTW-JCS
Memorandum Opinion and Order